(C. D. 1560)

F. E. MACARTNEY *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 24, 1953)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*John J. Antus* and *Richard M. Kozinn*, special attorneys), for the defendant.

Before OLIVER and MOLLISON, Judges

MOLLISON, Judge: The merchandise the subject of these protests, as illustrated by plaintiff's exhibit 1, consists of blocks of rough-sawn wood varying in cross section from 4″ x 6″ to 6″ x 8″, of varying lengths, all having a 45-degree bevel sawn at one end, the other end being square. There does not seem to be any question but that the sole use of the imported merchandise is to block the wheels of machinery so that it will not move when being transported on railroad flatcars or boxcars, or on automobile trucks.

Duty was assessed thereon by the collector of customs at the rate of 25 per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930, as modified by the Presidential proclamation reported in T. D. 51898, for "Manufactures of wood * * * not specially provided for." The protest claim in each case is for duty at the rate of 5 per centum ad valorem under the provision in paragraph 406 of the same act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for—

Hubs for wheels, heading bolts, stave bolts, last blocks, wagon blocks, oar blocks, heading blocks, and all like blocks or sticks, roughhewn, or rough shaped, sawed or bored.

Plaintiff offered evidence through the testimony of the secretary and manager of the company which produced the imported merchandise in Canada as to the manner of its production, which established, as noted above, that the imported product was the result of rough-sawing wood according to a sketch or design to achieve the desired dimensions.

Plaintiff cites as authority for his position that the merchandise actually consists of "wagon blocks," or "like blocks" thereto, the case of *Canadian Pacific Railway Co.* v. *United States*, 30 Treas. Dec. 1149, Abstract 39897. The merchandise in that case consisted of so-called "auto shipping chocks," being rough-sawed pieces of wood 12 inches long, 4¼ inches wide, and 7 inches high at one end, tapering to three-fourths of an inch at the other end, the upper surface being concaved. The chocks there involved were used in the same, or at least similar, fashion as those here involved, being used to cradle the wheels of automobiles when shipped on railroad cars to keep them from slipping.

In that case, there was testimony by a witness that such chocks were sold as wagon blocks, automobile blocks, and thrashing-machine blocks, and the court held, apparently based upon such testimony, that they were "like blocks" to the blocks specifically enumerated in paragraph 647 of the Tariff Act of 1913, which enumeration is the same as that which appears in paragraph 406 of the present act, *supra*.

There is no direct, clear testimony to the same effect in this case. The record on the point is as follows:

Q. As a result of your experience in your business, are you familiar with the use of a block of this kind, referring to Exhibit 1?—A. Yes.

Q. What is it used for?—A. To block machinery on flat cars or on box cars or on trucks.

Q. Is it what is known as a wagon block?—A. I suppose at one time that is what they would be called. It is to block the wheels of machinery. [Tr. p. 7.]

It is the contention of the defendant that the provisions of paragraph 406, *supra*, at least insofar as they relate to "last blocks, wagon blocks, oar blocks, heading blocks, and all like blocks * * * rough-hewn, or rough shaped, sawed or bored," were intended to cover only

rough-shaped wooden articles which must be finished in this country, and that the said provisions do not cover finished articles such as the merchandise herein.

This contention finds considerable support in the opinion rendered in connection with the decision by our appellate court in the case of *Washington Handle Co.* v. *United States*, 34 C. C. P. A. (Customs) 80, C. A. D. 346. There, the court had under consideration the provisions of paragraph 406 and, as a result of its research and study of the provision, made the following statements:

* * * The heading bolts, stave bolts and heading blocks [named in paragraph 406] are cut up into staves and headings for barrels, etc.—more than one article is made from these blocks and bolts. The hubs for wheels, last blocks, wagon blocks and oar blocks probably are intended to be made only into one article each, but it seems clear from all the facts at hand and from a consideration of the many decisions involving these articles that they, in their imported condition, *are merely the very much unfinished raw materials from which later the finished article is made and that they are shipped in that form to avoid shipping much excessive material not needed in the finished article.*

\*        \*        \*        \*        \*        \*        \*

When paragraph 406 was enacted, unquestionably it was the purpose of Congress to give a preferred rate to certain classes of blocks and sticks which had been rough shaped but in the finishing of which there was considerable further labor to be done in this country. It is the usual policy of Congress to encourage the employment of domestic labor in finishing articles which have been imported free of duty or at a low rate of duty. * * * . [Italics added.]

From the foregoing, it is apparent that it was the opinion of our appellate court that the provisions of paragraph 406 referred to related to articles in an unfinished or intermediate state, but which, nevertheless, exhibit a dedication to the making of a finished article. We have in this case no clear and competent evidence that the articles in question are "wagon blocks"—the witness appeared to be reluctant so to characterize them. It may very well be that "chocks" and "blocks" are synonymous terms used to designate pieces of wood used to steady or immobilize heavy articles, particularly wheeled articles, during transportation, but we think this record is devoid of any showing that they are like articles to the blocks particularly enumerated in the paragraph, the nature of which is discussed by our appellate court in the excerpts from its opinion quoted above. Seemingly, along those lines, wagon blocks would be blocks from which parts of wagons might be made.

It is true that the manufacturing effort imposed upon the imported merchandise was quite simple, consisting merely of a few saw cuts. However, in its imported condition it is something more than mere lumber or timber and is a completely finished article dedicated to a specific use or class of uses which it did not possess in its form as material. *Bamboo & Rattan Works, Inc.* v. *United States*, 39 C. C. P. A. (Customs) 163, C. A. D. 480.

Upon the record before us, we are of the opinion that the principles of the decision in the *Washington Handle Co.* case, *supra*, must control our action herein, and we accordingly overrule the protest claim in each case. Judgment will issue accordingly.